UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELATHANTRIGA SUJITH DISHANTHA BOTHEJUE,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,<br><br>Respondents. | Case No.: 26-CV-814 JLS (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS, AND**<br><br>**(2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF Nos. 1, 2) |

Presently before the Court is Petitioner Welathantriga Sujith Dishantha Bothejue's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1) and Motion for Temporary Restraining Order ("TRO," ECF No. 2). Also before the Court are Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 5) and Petitioner's Traverse ("Traverse," ECF No. 6). For the reasons set forth below, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus.

## BACKGROUND

Petitioner, a native and citizen of Sri Lanka, alleges that he has been detained by the Department of Homeland Security Immigration and Customs Enforcement at a detention

26-CV-814 JLS (BLM)

center in Texas and now at the Otay Mesa Detention Center since September 28, 2025. Pet. at 2. Petitioner first entered the United States on February 4, 2014, with a C1/D visa. *Id.* In 2015, Petitioner applied for asylum, which was denied in May of 2022. *Id.* Petitioner was not in custody and did not appeal. *Id.* On May 18, 2022, Petitioner was ordered removed to Sri Lanka. Ret. at 2. This removal order became final on June 17, 2022, because Petitioner did not appeal. *Id.* On September 28, 2025,[1] Petitioner was lured out of his apartment by an ICE agent who "told him that her dad had accidentally scratched his car." Pet. at 2. Petitioner was then arrested upon exiting his apartment, being told only that he "overstayed his visa." *Id.* (cleaned up). Petitioner claims that in the six months since his arrest Respondents have made no progress to remove him. *Id.* at 7. Respondents argue that ICE has "commenced prompt efforts to execute Petitioner's removal to Sri Lanka" and that the "ERO was able to confirm with the Sri Lankan consulate in Los Angeles that a travel document would be issued." Ret. at 3. However, no such travel document has been issued. Traverse at 3. Petitioner claims that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), 8 U.S.C. § 1231, and the Due Process Clause of the Fifth Amendment. *Id.* at 8–13.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*,

---

[1] Respondents allege the date of his arrest was August 22, 2025. Ret. at 2.

443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

When an alien is denied asylum, granted withholding of removal under 8 U.S.C. § 1231(b)(3), and ordered removed, they must be detained for ninety days (90) pending the government's efforts to secure their removal to a third country. *See* 28 U.S.C. § 1231(a)(2). This ninety-day period is referred to as the "removal period." § 1231(a)(1)(A). After the removal period, this statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If petitioner satisfies their initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the alien's release may be conditioned on any of the various forms of conditioned release. *Id.* at 700.

"[T]he removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).

/ / /

/ / /

/ / /

/ / /

3

26-CV-814 JLS (BLM)

Section 1231(a)(1)(B) states that:

> The removal period begins on the latest of the following:
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Petitioner has demonstrated that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.[2] Petitioner has been subject to a final order of removal since May of 2022. Traverse at 2. In the years after that final order of removal, ICE had made no progress towards his removal. *Id.* Now in the nearly six months since his arrest, Respondents only progress towards his removal is confirmation that at some point a travel document will be issued. *Id.* Respondents do not provide a timeline for when this travel document is expected, nor do they explain what has changed in the last six months to make Petitioner's removal foreseeable when they have not been able to remove Petitioner for the past three and a half years. *See Revenko v. Bondi*, No. 25-CV-2149-RAJ-BAT, 2025 WL 4070027, at *2 (W.D. Wash. Dec. 29, 2025) (finding no significant likelihood of removal where no travel documents had been completed or submitted, and there was no timeframe for the completion of the steps necessary to obtain travel documents); *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 50 (D.D.C. 2002) (finding removal not reasonably foreseeable where government had "not demonstrated . . . that any travel documents are in hand, nor have they provided any evidence, or even assurances from the [foreign] government, that travel

---

[2] Respondents do not contest that the six-month presumptively reasonable period has passed. *See generally* Ret.; *see also* Traverse at 2.

26-CV-814 JLS (BLM)

documents will be issued in a matter of days or weeks or even months"). Because Petitioner has shown good reason to believe he will not be removed in the reasonably foreseeable future, the burden now shifts to Respondents to rebut Petitioner's showing. *Zadvydas*, 533 at 701.

Respondents argue that Petitioner cannot show there is no significant likelihood of removal in the reasonably foreseeable future because ICE "has already confirmed with the Sri Lankan consulate that a travel document will be issued." Ret. at 3. While this occurred over a month ago, Respondents do not point to any evidence that this travel document will be issued or when. *See generally* Ret.; *see also Revenko*, 2025 WL 4070027, at *2 (finding the government did not rebut petitioner's showing where they only submitted a declaration of the deportation officer and stated that petitioner's home country had indicated that it would issue travel documents, but no travel document had been issued). As Petitioner contends, "if ICE could remove [Petitioner], it stands to reason that ICE would have done so in the three-and-a-half years since he was ordered removed." Pet. at 9. The Court concludes that Respondents have failed to rebut Petitioner's showing that there is no significant likelihood of removal. Accordingly, the Court **GRANTS IN PART** the Petition.[3]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] Because there is no significant likelihood Petitioner will be removed to a third country in the reasonably foreseeable future, the Court declines to address Petitioner's request for an injunction. Pet. at 13. The Court notes, however, that any kind of third country removal like the one Petitioner fears would likely "present due process issues." *Azzo v. Noem*, No. 3:25-cv-03122-RBM-BJW, 2025 WL 3535208, at *8 (S.D. Cal. Dec. 10, 2025) (quoting *Esmail v. Noem*, No. 25-cv-08325-WLH-RAO, 2025 WL 3030589, at *6-7 (C.D. Cal. Sept. 26, 2025)).

26-CV-814 JLS (BLM)

**CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and **DENIES AS MOOT** Petitioner's Motion for Temporary Restraining Order (ECF No. 2).  The Court **ORDERS** Respondents to immediately release Petitioner from custody.  The Parties are **ORDERED** to file a Joint Status Report by <u>March 4, 2026</u>, confirming that Petitioner has been released.  As this concludes the litigation in this case, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  February 23, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-814 JLS (BLM)